## THE CITY OF OTTAWA
### v.
## CLARA STRICKLIN.

*Municipal Corporations—Negligence of—Defective Sidewalk—Presumption of Notice to City—Conflict of Evidence—Verdict.*

1. In an action against a city to recover damages for an injury alleged to have been received from a defective sidewalk, where the evidence was conflicting, the verdict of the jury *held* to be conclusive as to the facts.

2. Where a defect in a sidewalk is shown to have existed for a long time, proof of actual notice of its condition to the city is unnecessary.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of La Salle County; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. DANIEL R. BURKE, for appellant.

Mr. A. E. BUTTERS, for appellee.

City of Ottawa v. Stricklin.

MR. JUSTICE HARKER. This was an action to recover for injuries sustained by appellee by reason of the defective condition of one of appellant's street crossings. There was a recovery in favor of appellee for $250, and costs. Appellant seeks a reversal on the ground alone that the verdict is not supported by the evidence.

It appears from the evidence that on the night of May 24, 1890, appellee, while passing along the sidewalk on Chestnut street, at its intersection with Washington street, in Ottawa, in company with her son, and while holding in her arms some bundles of groceries, stepped into a hole in the plank crossing, and fell upon the elbow of her right arm, sustaining thereby permanent and serious injury. It is contended by appellant that appellee was at the time intoxicated and not in the exercise of ordinary care. There is so little in the record on which to base such contention, that we do not deem it worthy of discussion in this opinion.

The testimony of six or seven witnesses introduced by appellee showed that there was a hole or defective place in the crossing at the time of the injury, and that it had been in that condition for several months. Quite a number of witnesses were introduced by appellant who swore that the crossing was in good condition, and several swore that it had been but recently repaired. In this conflict it was the peculiar province of the jury to decide where the truth was. The jury who rendered the verdict, and the court who denied a new trial, had much better opportunity for judging the credibility of the witness than we have. Unless the verdict is manifestly and palpably against the weight of the evidence, we can not, sitting as a court of review, disturb it. The defective condition of the crossing had existed for such a length of time that proof of actual notice to the city authorities was not necessary.

Perceiving no error in the record the judgment will be affirmed.

*Judgment affirmed.*